UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Serena Leeann Murphy,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 1:24-cv-01159-KES-GSA<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, TO REMAND FOR FURTHER PROCEEDINGS, AND TO DIRECT ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER OF SOCIAL SECURITY**<br><br>**(Doc. 14, 20)** |

### I.　Introduction

Plaintiff Serena Leeann Murphy appeals a final decision of the Commissioner of Social Security denying her application for supplemental security income (SSI) under Title XVI of the Social Security Act.[1]

### II.　Factual and Procedural Background

On October 18, 2021, Plaintiff applied for Supplemental Security Income (SSI) under Title XVI, 42 U.S.C. § 1381 et seq., alleging disability beginning the same day. The claim was denied initially on March 16, 2022, and upon reconsideration on August 17, 2022. On September 14, 2023, the ALJ held a telephone hearing. AR 35–58. On December 27, 2023, the ALJ issued an unfavorable decision. AR 18–34. The Appeals Council denied review on April 12, 2024 (AR 5–10) and this appeal followed.

### III.　The Disability Standard

Pursuant to 42 U.S.C. §405(g), "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported

---

[1] The parties did not consent to the jurisdiction of a United States Magistrate Judge. Doc. 7, 10.

1

by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is evidence that could lead a reasonable mind to accept a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996). The court must consider the record as a whole and may not affirm by isolating supporting evidence. *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). If the evidence could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997).

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. §1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: 1- whether a claimant engaged in substantial gainful activity during the period of alleged disability, 2- whether the claimant had medically determinable "severe impairments," 3- whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, 4- whether the claimant retained the residual functional capacity ("RFC") to perform past relevant work, and 5- whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level. See, 20 C.F.R. § 416.920(a)-(f). While the Plaintiff bears the burden of proof at steps one through four, the burden shifts to the commissioner at step five to prove that Plaintiff can perform other work in the national economy given her RFC, age, education and work

experience. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

### IV. The ALJ's Decision

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of October 18, 2021. AR 23. At step two, the ALJ found that Plaintiff had the following severe impairments: generalized anxiety disorder (GAD); major depressive disorder (MDD); substance use disorder (alcohol and marijuana); bilateral carpal tunnel syndrome (CTS); and obesity (20 CFR 416.920(c)). Id. At step three the ALJ found that Plaintiff had no impairments or combination thereof that met or medically equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 24–25.

Prior to step four, the ALJ evaluated Plaintiff's residual functional capacity (RFC) and concluded the claimant had the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), except with the following limitations: frequently climb ramps and stairs; occasionally climb ladders, ropes and scaffolds; frequently crawl; frequently handle, finger and feel, bilaterally; perform jobs of a non-complex nature requiring the performance of no more than simple routine tasks; and is able to maintain occasional contact with co-workers, supervisors and members of the general public. AR 25–28.

At step four, the ALJ found that Plaintiff could not perform her past relevant work as an activities director. AR 28. At step five, in reliance on the Vocational Expert's testimony, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Plaintiff could perform: cleaner, small product assembler, and car wash attendant. AR 29. Accordingly, the ALJ concluded that Plaintiff was not disabled at any point since the SSI application date of October 18, 2021.

### V. Issues Presented

Plaintiff asserts one claim of error: the ALJ's RFC determination is not supported by substantial evidence and free from legal error where the ALJ improperly evaluated the medical opinion evidence of record. MSJ at 3,

### A. RFC Generally; Medical Opinions

#### 1. Legal Standard

Before proceeding to steps four and five, the ALJ determines the claimant's residual functional capacity (RFC) which is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 416.945(a)(1). The RFC must consider all of the claimant's impairments, severe or not. 20 C.F.R. §§ 416.920(e), 416.945(a)(2). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

For applications filed on or after March 27, 2017, the new regulations eliminate the pre-existing hierarchy of medical opinions. The revised regulations provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). Rather, when evaluating any medical opinion, the regulations provide that the ALJ will consider the factors of supportability, consistency, treatment relationship, specialization, and other factors. 20 C.F.R. § 404.1520c(c). Supportability and consistency are the two most important factors, and the agency will articulate how the factors of supportability and consistency are considered. *Id.*

Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 2022 WL 1195334, (9th Cir. Apr. 22, 2022) at *6.

With respect to "supportability," the new regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1). Regarding "consistency," the regulations provide that "[t]he more consistent a

medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2).

### 2. Analysis

Plaintiff contends the ALJ was too conclusory in his analysis of the "opinions" (prior administrative medical findings, or "PAMFs"). Plaintiff contends the ALJ inadequately discussed the supportability and consistency factors when addressing the PAMFs of Drs. Ikawa, Joyson and DeSouza. MSJ at 16–21. The importance of this issue to the supportability of the RFC is not clear given 1- Dr. Ikawa did not opine Plaintiff had any limitations because he concluded the record was inadequate, an argument Plaintiff does not advance here, and 2- the ALJ adopted the opinions of Drs. Joyson and DeSouza, which are reflected in the RFC and which Plaintiff does not otherwise contest. AR 27.

PAMFs and/or medical opinions aside, substantial evidence does not support the ALJ's RFC or the corresponding non-disability finding.

#### a. Carpal Tunnel Syndrome and Manipulative Limitations

In pertinent part, the ALJ explained as follows:

> A February of 2022 EMG study revealed severe compression neuropathy of the median nerves across the wrists, consistent with carpal tunnel syndrome. (Exhibit 5F/7) The claimant was diagnosed with bilateral carpal tunnel syndrome and other synovitis and tenosynovitis, and upon examination, the claimant had positive Tinel testing. (Exhibit 1F/70, 74, 2F/14, 5F/4, 6F) The record lacks objective diagnostic studies substantiating synovitis and tenosynovitis. In April of 2022, the claimant received an injection, and she started physical therapy, but the record lacks longitudinal follow up treatment notes. (Exhibit 5F/5, 6F/3-5, 8F/9-34) Clinical findings upon examination do not warrant more restrictive limitations than frequent manipulative activities based on corroborative clinical findings of normal gait, negative straight leg raising, normal range of motion, grip strength of 46 psi on the right, 35 psi on the left and lateral pinch strength of 9 psi bilaterally. (Exhibit 8F/31, 10F/114, 146, 13F/3)

As the ALJ acknowledged, an EMG demonstrated <u>severe bilateral carpal tunnel syndrome</u>.

From the outset, this appears consistent with Plaintiff's testimony that she experiences hand numbness after using her hands for 15 minutes. AR 24. The ALJ also acknowledged related clinical abnormalities of positive Phalen's and Tinel's signs (pain/numbness signs indicative of carpal tunnel).

The ALJ's ensuing discussion is at first inaccurate and then irrelevant. The ALJ relies on the lack of "longitudinal follow up treatment notes" after the April 2022 cortisone injections. Yet Plaintiff did indeed follow up on September 23, 2022, complaining of increased bilateral hand numbness and weakness, and difficulty washing dishes and opening containers. AR 1425. Examination reflected wrist tenderness. AR 1426. Plaintiff again followed up on December 30, 2022, with shooting pain in her wrists. AR 1421. Positive Tinel's and Phalen's signs were again noted. AR 1421. It was noted that Plaintiff failed physical therapy and was referred for hand surgery. AR 1421.

The administrative hearing took place about 9 months later. It's not clear what other "longitudinal" follow up the ALJ would have expected, particularly given that Plaintiff was contemporaneously dealing with mental health problems resulting in hospitalizations and 5150 holds for suicidal ideation.

The ALJ relies on "findings of normal gait, negative straight leg raising, normal range of motion, grip strength of 46 psi on the right, 35 psi on the left and lateral pinch strength of 9 psi bilaterally. (Exhibit 8F/31, 10F/114, 146, 13F/3) (emphasis added). However, the applicability of the findings of normal *gait* and straight leg raise (a provocation test for sciatica), to carpal tunnel is neither explained nor obvious.

Grip strength hand dynamometer ratings of 46 and 35 psi (pounds per square inch) are significantly abnormal for a 28-year-old woman. The normal range is 30 kilograms on the

dominant hand and 28 <u>kilograms</u> on the non-dominant hand,[2] which equates to 66 pounds and 61 pounds, respectively. The only age category for which Plaintiff's grip strength readings would be in the normal range are for women aged 70+.  <u>Id.</u>

In short, the ALJ's finding that Plaintiff could perform manipulative activities frequently (i.e. 2/3 of an 8-hour day, <u>see</u> SSR 83-10) is unsupported by substantial evidence.

### b.    **Mental Health**

In Plaintiff's short argument section, Plaintiff revisits many of the same records discussed in the factual summary concerning ongoing mental health issues, suicidal ideation, 5150 holds for the same, hospital stays, among others.  However, Plaintiff does not expand on this discussion as to what limitations the RFC should include, or why the omission thereof is harmful.

Plaintiff's discussion of her manipulative limitations, by contrast, addresses the impact of frequent handling/fingering/feeling limitations, and the impact of 15-minute breaks on the available job base at step five.  <u>See</u> MSJ at 18, 20–21; AR 24.

Plaintiff offers no such discussion as to her mental health limitations.  Importantly, despite what Plaintiff surmises from the ALJ's discussion of the medical opinions (PAMFs), the ALJ <u>did not omit limitations in the RFC to account for Plaintiff's mental health conditions,</u> including generalized anxiety disorder (GAD), major depressive disorder (MDD), or substance abuse disorder (alcohol and marijuana).  To the contrary, the RFC reflects Plaintiff can "perform jobs of a non-complex nature requiring the performance of no more than simple, routine tasks; and is able to maintain occasional contact with co-workers, supervisors and members of the general public."  AR 25.

In sum, Plaintiff does not explain how the RFC falls short.  Specifically, Plaintiff does not explain what additional limitations would be appropriate in consideration of her mental health

---

[2] https://www.bbc.com/future/article/20250417-grip-strength-the-test-for-your-chances-of-living-to-100

conditions and the evidence reflecting same. Nor does Plaintiff explain how any such error would impact the outcome of the step five determination as to the available jobs for an individual with her RFC.

Rather, Plaintiff simply recites the mental health evidence—albeit with considerable detail and thoroughness—and contends that the ALJ failed to "create a narrative bridge" between the evidence of record and the ALJ's conclusion. MSJ at 19–20. Plaintiff then cites caselaw emphasizing the importance of that narrative bridge. This contention is too non-specific to establish error in the ALJ's analysis of the mental health evidence.

## VI. <u>Findings</u>

Substantial evidence and applicable law do not support the ALJ's conclusion that Plaintiff was not disabled. Remand is warranted for the ALJ to conduct further proceedings consistent with these Findings and Recommendations. See <u>Moisa v. Barnhart,</u> 367 F.3d 882, 886 (9th Cir. 2004) (noting that, except in rare instances, when a court reverses an agency determination, the proper course is to remand to the agency for additional investigation or explanation.).

## VII. <u>Recommendations</u>

For the reasons stated above, the recommendation is that:

1. Plaintiff's motion for summary judgment (Doc. 14) be **GRANTED.**
2. Defendant's cross-motion (Doc. 20) be **DENIED.**
3. The matter be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Findings and Recommendations.
4. That the Court Clerk of Court be directed to enter judgment in favor of Plaintiff and against Defendant Commissioner of Social Security.

## VIII. <u>Objections Due Within 14 Days</u>

These Findings and Recommendations will be submitted to the U.S. District Judge assigned

8

Case 1:24-cv-01159-KES-GSA     Document 23     Filed 08/07/25     Page 9 of 9

to the case per 28 U.S.C. § 636(b)(l). Within 14 days of these Findings and Recommendations, any party may file written objections. The document should be titled "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).

IT IS SO ORDERED.

    Dated: __**August 6, 2025**__                **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE

9